# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS
# URBANA DIVISION

| | |
|---|---|
| DIANE HURST and JAYNE RAEF, | ) |
| | ) |
| Plaintiff, | ) No. _____ |
| | ) |
| v. | ) JURY DEMANDED |
| | ) |
| ST. GEORGE COMMUNITY CONSOLIDATED | ) |
| SCHOOL DISTRICT NO. 258, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

NOW COME THE PLAINTIFFS, DIANE HURST and JAYNE RAEF, through their attorney, ARMAND L. ANDRY, and Complaining of Defendants, ST. GEORGE COMMUNITY CONSOLIDATED SCHOOL DISTRICT NO. 258, would submit the following:

## JURISDICTION

1. This is an action by citizens the State of Illinois and of the United States against the Defendants, ST. GEORGE COMMUNITY CONSOLIDATED SCHOOL DISTRICT NO. 258. This action arises under the **Civil Rights Act of l871**, as amended, 42 U.S.C. § 1983 and under various State laws.  This court has jurisdiction under the above Acts and 28 U.S.C.  1331 (a), 1337 and 1343, in that the claims involved violation of federally protected rights.  and violations of State Rights ancillary to federal rights.

1

## PARTIES

2. Plaintiff DIANE HURST, is a citizen of the United States, a resident of and a former employee of Defendant as Secretary to DEBORAH NUZZI, former Principal of the school in Defendant, ST. GEORGE COMMUNITY CONSOLIDATED SCHOOL DISTRICT NO. 258.

3. Plaintiff JAYNE RAEF, is a citizen of the United States, a resident of and a former employee of Defendant as Secretary to the former Superintendent of the Defendant, ST. GEORGE COMMUNITY CONSOLIDATED SCHOOL DISTRICT NO. 258.

4. Defendant, ST. GEORGE COMMUNITY CONSOLIDATED SCHOOL DISTRICT NO. 258 is a school District of the State of Illinois.

## FACTS

5. Plaintiffs were employed as secretaries for DEBORAH NUZZI, principal and THOMAS NUZZI, superintendent, of Defendant until May 30, 2008.

6. Prior to that time DEBORAH NUZZI and THOMAS NUZZI filed suit against Defendant and others which is now pending before the United States District Court for the Central District of Illinois, case no. 07-2239.

7. Defendant subsequently sought information from Plaintiffs based on their association with DEBORAH NUZZI and THOMAS NUZZI.

8. Plaintiffs supplied any factual information requested concerning DEBORAH NUZZI and THOMAS NUZZI but refused to confirm or support lies that they were asked to endorse concerning DEBORAH NUZZI and THOMAS NUZZI.

9. Plaintiffs were advised that their jobs were in jeopardy because of their association with DEBORAH NUZZI and THOMAS NUZZI and that unless they took a position contrary to DEBORAH NUZZI and THOMAS NUZZI and supported lies and untrue information about them, they would be terminated from their position.

10. Plaintiffs refused to support lies and untrue information about DEBORAH NUZZI and THOMAS NUZZI.

11. On May 30, 2008, Plaintiffs were notified that Defendant had decided to dismiss and remove them from employment.

12. After terminating Plaintiffs Defendants opposed their receiving unemployment compensation to which they were legally entitled.

13. After terminating Plaintiffs Defendants refused to cooperate in allowing Plaintiffs to draw down pension funds they had contributed which they were to use to pay for their living expenses.

## COUNT ONE – VIOLATION OF CIVIL RIGHTS

14. Plaintiffs reallege and reasserts as paragraph 14 of their complaint, paragraphs 1-13 above.

15. Plaintiffs were terminated from employment and deprived of post-employment benefits by DEFENDANT acting under color of state law.

16. Prior to the date of November 2005 and since then, there was in effect a federal law known as the Civil Rights Act of 1871, 42 U.S.C. 1983.

17. The actions outlined above by Defendants violated the Plaintiffs' rights to freedom of association under the First and Fourteenth amendments to the U.S. Constitution.

18. As a proximate result of Defendant, ST. GEORGE

COMMUNITY CONSOLIDATED SCHOOL DISTRICT NO. 258's actions Plaintiffs were injured resulting in damages in the form of lost wages, humiliation, emotional distress, attorney's fees and other injuries resulting in damages in amounts to be proven at trial.

WHEREFORE, Plaintiffs pray for judgment against Defendant, ST. GEORGE COMMUNITY CONSOLIDATED SCHOOL DISTRICT NO. 258 for compensatory damages and punitive damages in amounts this court deems appropriate as well as reasonable attorney's fees and costs as permitted by 42 U.S.C. 1988 and for such other relief, legal or equitable, which this court deems appropriate.

## COUNT TWO - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

19. Plaintiffs reallege and reasserts as paragraph 19 of their complaint, paragraphs 1-13 above.
20. Plaintiffs were harassed and humiliated by Defendant, ST. GEORGE COMMUNITY CONSOLIDATED SCHOOL DISTRICT NO. 258 knowing such actions were unnecessary, in violation of state law.
21. Defendant's actions caused severe emotional distress to Plaintiffs.
22. The action of the Defendant was shocking and outrageous.
23. As a proximate result of Defendant's actions Plaintiffs were injured resulting in damages in the form of lost wages, humiliation, emotional distress, attorney's fees and other injuries resulting in damages in amounts to be proven at trial.

WHEREFORE, Plaintiffs pray for judgment against Defendant, ST. GEORGE COMMUNITY CONSOLIDATED SCHOOL DISTRICT NO.

258 for compensatory damages and punitive damages in amounts this court deems appropriate.

## COUNT THREE - VIOLATION OF ILLINOIS LAW UNDER KELSAY V. MOTOROLA, INC., 74 ILL. 2D 172 (1978)

24. Plaintiffs repeat and reallege as paragraph 24 of this complaint, paragraphs 1-13 above.

25. Illinois law under *Kelsay v. Motorola, inc.,* 74 Ill. 2d 172 (1978) makes it illegal to retaliate and terminate an employee because of exercising their rights under Illinois Laws.

26. Both Plaintiffs have acted in accord with their rights under Illinois law not to make or support false charges against co-workers and to tell the truth with regard to their co-workers and to freely associate under Illinois law with whom they choose.

27. After having refused to make or support false charges against co-workers and to tell lies against their co-workers and to stop associating with certain co-workers, namely DEBORAH NUZZI and THOMAS NUZZI, each Plaintiff was terminated by Defendant ST. GEORGE CONSOLIDATED SCHOOL DISTRICT.

28. Plaintiffs were terminated, in part, for having exercised their rights under Illinois laws.

29. Defendant ST. GEORGE CONSOLIDATED SCHOOL DISTRICT'S actions have violated Illinois law under *Kelsay*.

30. Plaintiffs have been injured as a result of the violation of Illinois law by Defendant ST. GEORGE CONSOLIDATED SCHOOL DISTRICT.

WHEREFORE, Plaintiffs pray for judgment in amounts to be proven at trial for reasonable attorney's fees and costs and such other relief as the court deems appropriate against Defendants ST. GEORGE COMMUNITY CONSOLIDATED SCHOOL DISTRICT NO. 258.

PLAINTIFF DEMANDS TRIAL BY JURY.

Respectfully Submitted,

___/S/Armand L. Andry_____
Attorney for Plaintiffs

ARMAND L. ANDRY
Attorney for Plaintiff
One South Dearborn, Suite 2100
Chicago, Illinois  60603
773/626-3058

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

**DEFENDANTS**

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Attorneys (If Known)

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

❒ 1  U.S. Government Plaintiff
❒ 2  U.S. Government Defendant
❒ 3  Federal Question (U.S. Government Not a Party)
❒ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                         and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❒ 1 | ❒ 1 | Incorporated *or* Principal Place of Business In This State | ❒ 4 | ❒ 4 |
| Citizen of Another State | ❒ 2 | ❒ 2 | Incorporated *and* Principal Place of Business In Another State | ❒ 5 | ❒ 5 |
| Citizen or Subject of a Foreign Country | ❒ 3 | ❒ 3 | Foreign Nation | ❒ 6 | ❒ 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❒ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❒ 610 Agriculture | ❒ 422 Appeal 28 USC 158 | ❒ 400 State Reapportionment |
| ❒ 120 Marine | ❒ 310 Airplane | ❒ 362 Personal Injury - Med. Malpractice | ❒ 620 Other Food & Drug | ❒ 423 Withdrawal 28 USC 157 | ❒ 410 Antitrust |
| ❒ 130 Miller Act | ❒ 315 Airplane Product Liability | ❒ 365 Personal Injury - Product Liability | ❒ 625 Drug Related Seizure of Property 21 USC 881 | | ❒ 430 Banks and Banking |
| ❒ 140 Negotiable Instrument | ❒ 320 Assault, Libel & Slander | ❒ 368 Asbestos Personal Injury Product Liability | ❒ 630 Liquor Laws | **PROPERTY RIGHTS** | ❒ 450 Commerce |
| ❒ 150 Recovery of Overpayment & Enforcement of Judgment | ❒ 330 Federal Employers' Liability | | ❒ 640 R.R. & Truck | ❒ 820 Copyrights | ❒ 460 Deportation |
| ❒ 151 Medicare Act | ❒ 340 Marine | **PERSONAL PROPERTY** | ❒ 650 Airline Regs. | ❒ 830 Patent | ❒ 470 Racketeer Influenced and Corrupt Organizations |
| ❒ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ❒ 345 Marine Product Liability | ❒ 370 Other Fraud | ❒ 660 Occupational Safety/Health | ❒ 840 Trademark | ❒ 480 Consumer Credit |
| ❒ 153 Recovery of Overpayment of Veteran's Benefits | ❒ 350 Motor Vehicle | ❒ 371 Truth in Lending | ❒ 690 Other | | ❒ 490 Cable/Sat TV |
| ❒ 160 Stockholders' Suits | ❒ 355 Motor Vehicle Product Liability | ❒ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ❒ 810 Selective Service |
| ❒ 190 Other Contract | ❒ 360 Other Personal Injury | ❒ 385 Property Damage Product Liability | ❒ 710 Fair Labor Standards Act | ❒ 861 HIA (1395ff) | ❒ 850 Securities/Commodities/ Exchange |
| ❒ 195 Contract Product Liability | | | ❒ 720 Labor/Mgmt. Relations | ❒ 862 Black Lung (923) | ❒ 875 Customer Challenge 12 USC 3410 |
| ❒ 196 Franchise | | | ❒ 730 Labor/Mgmt.Reporting & Disclosure Act | ❒ 863 DIWC/DIWW (405(g)) | ❒ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❒ 740 Railway Labor Act | ❒ 864 SSID Title XVI | ❒ 891 Agricultural Acts |
| ❒ 210 Land Condemnation | ❒ 441 Voting | ❒ 510 Motions to Vacate Sentence | ❒ 790 Other Labor Litigation | ❒ 865 RSI (405(g)) | ❒ 892 Economic Stabilization Act |
| ❒ 220 Foreclosure | ❒ 442 Employment | **Habeas Corpus:** | ❒ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ❒ 893  Environmental Matters |
| ❒ 230 Rent Lease & Ejectment | ❒ 443 Housing/ Accommodations | ❒ 530 General | | ❒ 870 Taxes (U.S. Plaintiff or Defendant) | ❒ 894 Energy Allocation Act |
| ❒ 240 Torts to Land | ❒ 444 Welfare | ❒ 535 Death Penalty | **IMMIGRATION** | ❒ 871 IRS—Third Party 26 USC 7609 | ❒ 895 Freedom of Information Act |
| ❒ 245 Tort Product Liability | ❒ 445 Amer. w/Disabilities - Employment | ❒ 540 Mandamus & Other | ❒ 462 Naturalization Application | | ❒ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ❒ 290 All Other Real Property | ❒ 446 Amer. w/Disabilities - Other | ❒ 550 Civil Rights | ❒ 463 Habeas Corpus - Alien Detainee | | ❒ 950 Constitutionality of State Statutes |
| | ❒ 440 Other Civil Rights | ❒ 555 Prison Condition | ❒ 465 Other Immigration Actions | | |

## V. ORIGIN   (Place an "X" in One Box Only)

❒ 1  Original Proceeding
❒ 2  Removed from State Court
❒ 3  Remanded from Appellate Court
❒ 4  Reinstated or Reopened
❒ 5  Transferred from another district (specify)
❒ 6  Multidistrict Litigation
❒ 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**):

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

❒ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ❒ Yes   ❒ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE _____   SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT #_____   AMOUNT_____   APPLYING IFP_____   JUDGE_____   MAG. JUDGE_____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.**   **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

   (b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

   (c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**   **Jurisdiction**. The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.**   **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**   **Nature of Suit**. Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.**   **Origin**. Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.**   **Cause of Action**. Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity**.        Example:        U.S. Civil Statute: 47 USC 553
                                                                                                Brief Description: Unauthorized reception of cable service

**VII.**   **Requested in Complaint**. Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**   **Related Cases**. This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature**. Date and sign the civil cover sheet.