## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
**Urbana Division**

| | |
|---|---|
| **DIANE HURST and JAYNE RAEF,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| v. ) | |
| ) | Case No. 08-2182 |
| **ST. GEORGE COMMUNITY** ) | |
| **CONSOLIDATED SCHOOL DISTRICT** ) | |
| **NO. 258,** ) | |
| **Defendant.** ) | |

# REPORT AND RECOMMENDATION

In August 2008, Plaintiffs Diane Hurst and Jayne Raef filed a Complaint (#1) against St. George Community Consolidated School District No. 258. Federal jurisdiction is based on federal question pursuant to 28 U.S.C. § 1331 because Plaintiffs have alleged violations of their constitutional rights.

In October 2008, Defendant filed a Motion To Dismiss Plaintiffs' Complaint (#15). In December 2008, Plaintiff filed a Response to Defendants' [(sic)] Motion To Dismiss Complaint (#20). After reviewing the parties' pleadings and memoranda, this Court recommends, pursuant to its authority under 28 U.S.C. § 636(b)(1)(B), that Defendant's Motion To Dismiss Plaintiffs' Complaint **(#15)** be **GRANTED** in part and **DENIED** in part.

### I. Background

The following background is taken from the complaint. At relevant times, Plaintiff Hurst worked for Defendant as a secretary to Deborah Nuzzi, who had formerly worked as a principal in Defendant School District. At relevant times, Plaintiff Raef worked for Defendant as a secretary to Thomas Nuzzi, who had formerly worked as superintendent of Defendant School District. Thomas Nuzzi and Deborah Nuzzi filed a suit against Defendant that is currently pending. Defendant subsequently sought information from Plaintiffs based on their association with Thomas Nuzzi and Deborah Nuzzi. Plaintiffs supplied factual information but refused to confirm or support lies that Defendant asked them to endorse.

Defendant advised Plaintiffs that their jobs were in jeopardy because of their association with Thomas and Deborah Nuzzi and that unless they took a position contrary to the Nuzzis and supported lies and untrue information about the Nuzzis, their employment would be terminated. Plaintiffs refused to support lies and untrue information and, on May 30, 2008, Defendant notified Plaintiffs that they had decided to dismiss them from employment. Defendant also opposed their receiving unemployment compensation to which they were legally entitled and refused to cooperate in allowing Plaintiffs to draw down pension funds that they had contributed.

Plaintiffs' complaint alleges (1) that Defendant violated their right to freedom of association under the First and Fourteenth Amendments to the United States Constitution (Count I); (2) Defendant is liable for intentional infliction of emotion distress (Count II); and (3) Defendant violated Illinois law under *Kelsay v. Motorola, Inc.*, 384 N.E.2d 353, 356-57 (Ill. 1978) (Count III).

## II. Standard

The purpose of a motion to dismiss for failure to state a claim is to test the sufficiency of the complaint, not to decide the merits of the case. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The United States Supreme Court has interpreted this language to impose two "easy-to-clear hurdles": First, the plaintiff must plead sufficient facts to give a defendant fair notice of the claim and the grounds upon which it rests, and second, those facts, if true, must plausibly suggest that the plaintiff is entitled to relief, "raising that possibility above a 'speculative level'." *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776-77 (7th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly,* --- U.S. ----, 127 S. Ct. 1955, 1965, 1973 n.14 (2007)).

When considering a motion to dismiss for failure to state a claim, the Court is limited to the allegations contained in the pleadings. *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993). Furthermore, the Court must treat all well-pleaded allegations in the complaint as true, and draw all reasonable inferences in the plaintiff's favor. *McMillan v.*

*Collection Prof'ls, Inc.,* 455 F.3d 754, 758 (7th Cir. 2006); *see Bell Atl.*, 127 S. Ct. at 1965 (requiring plausible grounds for inferences if those inferences are to sustain a complaint). A claim is sufficient only to the extent that it "'contain[s] either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory'." *Bell Atl.,* 127 S.Ct. at 1969 (quoting *Car Carriers, Inc. v. Ford Motor Co.,* 745 F.2d 1101, 1106 (7th Cir. 1984)).

### III.  Analysis
#### A.  Count I

Defendant argues that Count I fails to state a claim because it does not allege a policy or custom as required for claims brought pursuant to 42 U.S.C. § 1983 against a government unit or municipal entity.

Count I alleges that Defendant denied Plaintiffs of their right to freedom of association under the First and Fourteenth Amendments by terminating their employment. Plaintiffs allege that Defendant was acting under color of state law at the time.

Plaintiffs' response includes a long discussion of the pleading standard in federal court. In addition, Plaintiffs state in their memorandum that the complaint "clearly alleges the actions were taken by Defendant." (#29, p. 2.)

In general, to state a constitutional claim pursuant to 42 U.S.C. § 1983, a plaintiff must allege that the conduct complained of was committed by a person acting under color of state law, and that this conduct deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Moore v. Muncie Police & Fire Merit Comm'n,* 312 F.3d 322, 326 (7th Cir. 2002). A municipal entity or local government unit such as Defendant School Board is liable under Section 1983 only where the execution of an official government policy or custom causes the alleged constitutional injury. *Monell v. N.Y. City Dep't of Soc. Servs., 436 U.S. 658, 694 (1978).* A municipality may maintain such a policy expressly, through custom or usage, or through the deliberate act of a decision-maker with final policy-making

authority. *Ienco v. City of Chi.*, 286 F.3d 994, 998 (7th Cir. 2002). The municipal policy requirement was instituted to distinguish acts of the municipality from acts of its employees, so that the municipality would be held liable only for acts for which it is actually responsible. *Pembaur v. Cincinnati*, 475 U.S. 469, 479 (1986).

The complaint alleges that Defendant's conduct caused the alleged constitutional violations. Defendant, a school district, can only act through its school board. In Illinois, the school board is the final policymaker for a school district. *Tierney v. Quincy Sch. Dist. No. 172*, 125 Fed. App'x 711, 717 (7th Cir. 2005) (citing *Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84,* 133 F.3d 1054, 1061 (7th Cir. 1998)). Thus, the complaint provides plausible grounds for the Court to infer that the alleged constitutional violations occurred as a result of actions taken by the school board, a final policymaker. *See Bell Atl.*, 127 S. Ct. at 1965 (requiring plausible grounds for inferences if those inferences are to sustain a complaint). As a result, the allegations of the complaint establish a basis for Defendant's liability pursuant to Section 1983. Accordingly, the Court recommends denying the motion to dismiss the claims in Count I.

### B.  Count II

Defendant next argues that Count II fails to state a claim because Plaintiffs did not allege that Defendant knew that there was a high probability that its conduct would cause emotional distress.

A claim of intentional infliction of emotional distress (hereinafter "IIED") requires a plaintiff to show that (1) the defendant's conduct was extreme and outrageous; (2) the defendant either intended to inflict severe emotional distress or knew that there was a high probability that its conduct would do so; and (3) the defendant's conduct actually caused severe emotional distress. *McGrath v. Fahey* , 533 N.E.2d 806, 809 (Ill. 1988).

In Count II, Plaintiffs allege Defendant harassed and humiliated them, "knowing such actions were unnecessary, in violation of state law." (#1, ¶ 20.) Plaintiffs also allege that Defendant's actions were shocking and outrageous and they caused Plaintiffs severe emotional

distress.  Thus, Plaintiffs' claims in Count II expressly allege the first and third elements of an IIED claim.  However, Count II does not expressly allege that Defendant intended to inflict severe emotional distress or knew that there was a high probability that its conduct would do so.

In their response, Plaintiffs explain that "Defendant is alleged to have required Plaintiff[s] to choose between their moral values and legal responsibility to tell the truth or face losing their job.  The inference is clear that such action would be known to have a high probability of causing severe emotional distress."  (#20, p. 5.)

A plaintiff cannot amend her complaint through arguments presented in a legal memorandum.  *Harrell v. United States*, 13 F.3d 232, 236 (7th Cir. 1993).  Therefore, Plaintiffs cannot use the statements made in their memorandum as a supplement to the pleadings.  However, the Court may consider the information in the memorandum to clarify allegations in the complaint whose meaning is unclear.  *Pegram v. Herdrich*, 530 U.S. 211, 230 n.10 (2000) (citing C. Wright & A. Miller, Federal Practice and Procedure § 1364, pp. 480-81 (1990)).

In light of the explanation in Plaintiffs' memorandum, it appears that Plaintiffs' IIED claims are based on the allegation regarding Defendant's threat to Plaintiffs; that is, Defendant told Plaintiffs that unless they supported lies and untrue information about the Nuzzis, Defendant would terminate Plaintiffs' employment.  Black's Law Dictionary defines a threat as a communicated intent to inflict physical or other harm on a person.  Black's Law Dictionary 1480 (6th ed. 1990).  The Court can infer that Defendant's threat was intended to cause emotional distress or that Defendant knew that the threat had a high probability of causing emotional distress.  Accordingly, Plaintiffs have adequately alleged their claims in Count II and the Court recommends denying the motion to dismiss the IIED claim.  If Plaintiffs intended to allege some

5

other basis for the IIED claim, the Court recommends that they be allowed to amend Count II of their complaint.

### C.  Count III

Defendant next argues that Count III fails to state a claim because Plaintiffs did not identify any public policy that Defendant's conduct contravened.

A valid claim for retaliatory discharge must allege that the employee was discharged in retaliation for her activities and that the discharge violates a clear mandate of public policy. *Zimmerman v. Buchheit of Sparta, Inc.*, 645 N.E.2d 877, 880 (Ill. 1994) (discussing requirements for alleging retaliatory discharge under Illinois's fact-pleading standard).

Count III alleges that Plaintiffs were exercising their rights under Illinois law when they (1) refused to make or support false charges against their coworkers (Deborah and Thomas Nuzzi), (2) told the truth with regard to their coworkers, and (3) associated with their coworkers.

In their memorandum, Plaintiffs explain that "Plaintiffs were aware that the Nuzzis and Defendant were involved in a court action and that their statements were sought for court proceedings where testimony would be required."  (#20, p. 5.)  Plaintiffs state that "perjury . . . is not permitted under the clear public policy of the state."  (#20, p. 5.)

As noted above, a plaintiff cannot amend her complaint through arguments presented in a legal memorandum.  *Harrell*, 13 F.3d at 236.  However, the Court may use the information in the memorandum to clarify allegations in the complaint whose meaning is unclear.

The Seventh Circuit court defines perjury as "false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory."  See *Griffin v. Foley,* 542 F.3d 209, 223 (7th Cir. 2009) (defining perjury in the context of a civil suit) (citing *Montaño v. City of Chi.,* 535 F.3d 558, 564 (7th Cir. 2008)).  Here, the complaint alleges that the Nuzzis had filed suit against Defendant and that

Defendant asked Plaintiffs to confirm or support lies.  However, none of the allegations indicate that Defendant asked Plaintiffs to perjure themselves.  Because perjury has a particular legal meaning and it is distinct from lying, based on the allegations in the complaint, the Court cannot infer that Defendant asked Plaintiffs to perjure themselves.  Accordingly, the Court recommends that Defendant's motion to dismiss Count III be granted, and that Plaintiffs be allowed to amend their complaint.

### IV.  Summary

For the reasons stated above, this Court recommends that Defendant's Motion To Dismiss Plaintiffs' Complaint **(#15)** be **DENIED** as to Counts I and II and **GRANTED** as to Count III.  Because it is conceivable that Plaintiffs can amend their complaint to state a claim in Count III, the Court recommends that the dismissal be without prejudice and that Plaintiff be granted leave to file an amended complaint within 14 days of the order ruling on the motion.

The parties are advised that any objection to this recommendation must be filed in writing with the clerk within ten working days after being served with a copy of this Report and Recommendation.  See 28 U.S.C. § 636(b)(1).  Failure to object will constitute a waiver of objections on appeal.  *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986).

ENTER this 14th day of April, 2009.

s/ DAVID G. BERNTHAL<br>U.S. MAGISTRATE JUDGE